IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-CR-30029-SMY |
| | ) |
| ERIC L. RICHARDSON, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

**YANDLE, District Judge:**

Now Pending before the Court are: Notice of the Government to admit evidence of prior acts by the Defendant (Doc. 65) and Defendant's opposition (Doc. 67); and (2) Motions *in limine* filed by the Government (Doc. 48) and Defendant (Docs. 46, 47). The Court considered these matters during the final pre-trial conference held on December 1, 2022, and made rulings on the record as follows:[1]

**Government's Notice (Doc. 65)**

Pursuant to Federal Rule of Evidence 404(b), the Government moves to present evidence of an alleged history of sexual assault, including previous text communications between Defendant and the minor in question, as prior uncharged "bad acts" of Defendant to show "Defendant's motive, intent, and knowledge." Although such communications may be probative of Defendant's intent and motive for purposes of Rule 404(b), the Court will not pre-admit a broad category of evidence. Rather, the Court must review and consider the specific content of the evidence. Accordingly, the Government's notice is **TAKEN UNDER ADVISEMENT**. The Government

---

[1] See the record for the Court's detailed rulings.

may submit a pre-trial written offer of proof or make an offer of proof at trial regarding the evidence they seek to admit.

### Government's Motions in Limine (Doc. 48)

1. The Government moves to exclude the defense from arguing or presenting evidence that the consent of the minor is defense.  The motion is **GRANTED** without objection.

2. The Government moves to exclude the Defendant from defining reasonable doubt to the jury.  The motion is **GRANTED** without objection.

3. The Government moves to preclude the Defendant from using the full name of the minor who will be testifying during the trial.  The motion is **GRANTED** without objection.

4. The Government moves to exclude the Defendant from introducing any portion of his statement to police pursuant to Federal Rule of Evidence 801(d)(2)(A).  The motion is **GRANTED** without objection.

### Defendant's First Motion in Limine (Doc. 46)

Defendant moves to exclude the Government from using the word "victim."  The motion is **GRANTED** without objection, except that the word "victim" may be used by the Government in closing arguments.

### Defendant's Second Motions in Limine (Doc. 47)

1. Defendant moves to exclude the Government from eliciting or mentioning any evidence of prior contact between Defendant and the police, including arrests that did not result in convictions.  The motion is **GRANTED** without objection.

2. Defendant moves to exclude the Government from eliciting or mentioning any alleged acts of criminal conduct that are not alleged in the criminal indictment.  The motion is **TAKEN UNDER ADVISEMENT.**

3. Defendant moves to exclude the Government from eliciting or mentioning any prior act which lacks relevance to any fact of consequence and/or which would severely prejudice Defendant in the eyes of the jury.  The motion is **TAKEN UNDER ADVISEMENT**.

4. Defendant moves to exclude the Government from introducing text messages that have not been disclosed or identified as having relevance to this case or the allegation alleged in the Indictment.  The motion is **TAKEN UNDER ADVISEMENT**.

5. Defendant moves to exclude the Government from vouching for the credibility of any witnesses or expressing a personal opinion regarding Defendant's guilt.  The motion is **GRANTED** without objection.

6. Defendant moves to exclude the Government from making any argument that attempts to shift the burden of proof to Defendant.  The motion is **GRANTED** without objection.

**IT IS SO ORDERED.**

**DATED:  December 5, 2022**

**STACI M. YANDLE**
**United States District Judge**