IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cr-30029-SMY |
| | ) |
| ERIC L. RICHARDSON, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court is Defendant Eric L. Richardson's Motion for Judgment of Acquittal or in the Alternative Motion for New Trial (Doc. 99). For the following reasons, the motion is **DENIED**.

### Background

Richardson was charged by superseding indictment with enticement of a minor in violation of 18 U.S.C. § 2422(b) (Doc. 50). He entered a not guilty plea and proceeded to a jury trial commencing on February 27, 2023. During trial, the Government called K.J., who was Richardson's stepdaughter and a 14-year-old minor during the events in question, and who lived with Richardson, her biological mother, Melinda Smith, and her biological brother during the relevant period.

K.J. testified regarding private texting chats between she and Richardson using their phone devices. The Government admitted texting communications from October 2019 into evidence. Although the texts did not explicitly refer to sexual relations, K.J. testified that with respect to a text Richardson sent to her on October 28, 2019 that read, "So are you going to tell me where you want next Saturday to go? Or is it anything goes?", she understood that "anything goes" meant

actual sex. Richardson followed this text message with another that indicated that he was extremely happy and was going to try "[his] damnedest to make it unforgettable and worth [her] while." K.J. testified this text indicated that Richardson was planning to have sex with her in her room the next Saturday. K.J. testified that she felt uncomfortable as a result of the imminent sexual encounter and told a friend, whose mother subsequently called the police.

The Government also called several law enforcement personnel, who interviewed K.J. at the police station and downloaded the text communications in evidence through a special software. Melinda Smith, K.J.'s biological mother, testified that she found out about the communications while on vacation with Richardson in Florida. When they returned, she went to the police station and discovered the communications.

In the defense case in chief, Richardson testified that he was a doting and attentive stepfather, and that K.J. may have been upset at him because he did not permit her to go on a band trip. He characterized the text messages as referring to watching movies and other non-sexual activities. On cross-examination, the Government focused on the time stamps of the text communications. On March 1, 2023, the jury returned a verdict of guilty against Richardson.

**Discussion**

Federal Rule of Criminal Procedure 29 allows a defendant to challenge whether the evidence is "insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). "A motion for acquittal should be granted only where the evidence is insufficient to sustain a conviction." *United States v. Kohli*, 847 F.3d 483, 489 (7th Cir. 2017) (citation omitted) (internal quotation marks omitted). The Court will only overturn the jury's verdict if "after viewing the evidence in the light most favorable to the Government, the record is devoid of evidence from which a reasonable jury could find guilt beyond a reasonable doubt." *United States v. Wrobel*, 841 F.3d 450, 454 (7th Cir. 2016) (quoting *United States v. Campbell*, 770 F.3d 556, 571–72 (7th Cir. 2014)). When challenging a conviction based on sufficiency of the evidence, a defendant bears a "heavy burden" that is "nearly insurmountable." *United States v. Moses*, 513 F.3d 727, 733 (7th Cir. 2008).

In order to prove Richardson guilty of violating 18 U.S.C. § 2422(b), the Government had to establish: (1) that he used a facility or means of interstate commerce to knowingly persuade, induce, entice, or coerce K.J. to engage in sexual activity; (2) that K.J. was less than 18 years of age; (3) that Richardson believed that K.J. was less than 18 years of age; (4) if the suggested sexual activity had occurred, Richardson would have committed the criminal offense of Aggravated Criminal Sexual Abuse under Illinois law.

Richardson argues that there were inconsistencies in the testimony of K.J. and Melinda Smith and that law enforcement failed to produce more than a handful of text messages that were admitted at trial. Specifically, he argues that based on the location of K.J.'s bed and Melinda Smith's work schedule, Richardson had no opportunity to have sex with her; that Melinda Smith could access K.J.'s phone; and that, despite K.J.'s testimony of years of Richardson's allegedly inappropriate conduct, there were no other messages discovered by police or in evidence.

"It is the responsibility of the jury – not the court – to decide what conclusions should be drawn from evidence admitted at trial." *United States v. Gonzalez*, 737 F.3d 1163, 1168 (7th Cir. 2013). Viewed in the light most favorable to the Government, and based on the totality of the evidence presented at trial, any reasonable juror could find that Richardson had induced K.J. (a minor) to have sex in her room on the following Saturday. The evidence adduced at trial provided a reasonable basis for the jury's verdict.

Alternatively, Eric L. Richardson moves for a new trial. If a new trial is sought on grounds other than newly discovered evidence, the Court must determine if there exists a "reasonable possibility that a trial error had a prejudicial effect upon the jury's verdict." *United States v. Van Eyl,* 468 F.3d 428, 436 (7th Cir. 2006). Although such determinations are within the Court's discretion, the power bestowed by Rule 33 to grant a new trial should only be done in "extreme cases." *United States v. Linwood,* 142 F.3d 418, 422 (7th Cir. 1998). Richardson does not point to any erroneous rulings.

For the foregoing reasons, Richardson's motion for judgment of acquittal or a new trial (Doc. 99) is **DENIED** in its entirety.

**IT IS SO ORDERED.**

**DATED: April 19, 2023**

**STACI M. YANDLE**
**United States District Judge**